UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MITCHELL, | CASE NO. C20-5623JLR-JRC |
| Petitioner, | ORDER OF MODIFIED CERTIFICATE OF APPEALABILITY |
| v. | |
| ERIC JACKSON, | |
| Respondent. | |

Before the court is the Ninth Circuit Court of Appeals order remanding this case to issue a modified certificate of appealability designating which of Petitioner James Mitchell's claims meet the standard in 28 U.S.C. § 2253(c)(3). (Not. (Dkt. # 20).) The court has considered the Ninth Circuit's order and the balance of the record.

On October 16, 2020, Magistrate Judge J. Richard Creatura filed a Report and Recommendation recommending that the petition be denied and a certificate of appealability be granted. (R&R at 31 (Dkt. # 11).) Petitioner did not file any objections. (*See* Dkt.) The court adopted the Report and Recommendation on December 1, 2020,

ORDER - 1

1  and granted a certificate of appealability but did not specify which of Petitioner's claims

2  met the 28 U.S.C. § 2253(c)(3) standard.  (Order at 1 (Dkt. # 14); *see* Judgment (Dkt.

3  # 15)).)

4       Under 28 U.S.C. § 2253(c)(3), a certificate of appealability shall indicate which

5  issues satisfy "a substantial showing of the denial of a constitutional right."  28 U.S.C.

6  § 2253(c)(3).  To obtain a certificate of appealability, the Petitioner must show that

7  reasonable jurists could disagree with the district court's resolution of his or her

8  constitutional claims or that jurists could agree the issues presented were adequate to

9  deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-85

10  (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

11       Here, Petitioner presented four claims for relief:  (1) that he was deprived of his

12  right to present a defense when the trial court excluded evidence of the "other suspect";

13  (2) that the prosecutor engaged in misconduct during closing argument; (3) that allowing

14  police witnesses to read directly from their reports violated the Confrontation Clause; and

15  (4) that trial counsel rendered ineffective assistance in various regards.  (R&R at 2 (citing

16  Pet. (Dkt. # 1)).)  Jurists of reason could disagree with the resolution of Petitioner's

17  argument that the prosecutor committed misconduct in closing arguments related to the

18  "mixed blood" argument and Petitioner's related claim for ineffective assistance of

19  counsel in failing to object to the prosecutor's reference to "mixed blood."  Thus, a

20  certificate of appealability should issue only on Petitioner's claim that the prosecutor

21  committed misconduct in closing argument and the related claim of ineffective assistance

22  of counsel.

ORDER - 2

1    Accordingly, the court ORDERS that a modified certificate of appealability on

2 Petitioner's prosecutorial misconduct claim and his related ineffective assistance claim

3 only is GRANTED.

4    Dated this 4th day of February, 2021.

5

6    _____

7    JAMES L. ROBART
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3